IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JIMMY ASHLEY                                                              PLAINTIFF

v.                                       NO. 3:12CV00253 JLH

HJE, LLC                                                             DEFENDANT

**OPINION AND ORDER**

Jimmy Ashley bring this action pursuant to 42 U.S.C. §§ 3601 *et seq*. (the Fair Housing Amendments Act of 1988). In his initial complaint, he alleged that he was assisting his granddaughter with locating an apartment and, while visiting an apartment owned by HJE, LLC, he was denied access to the rental office, the common use areas, and the ground floor apartments on account of his disability. He alleged that he was subjected to discrimination because of his disability in violation of 42 U.S.C. § 3604.

Although Ashley did not cite the specific subsection of 42 U.S.C. § 3604 on which his complaint is based, it is apparent that the subsection in question is section 3604(f). That subsection makes it unlawful to discriminate in the sale or rental of a dwelling to any buyer or renter because of a handicap, and it defines discrimination (for buildings constructed after a certain date) to include failure to design and construct the buildings to meet handicap accessible standards. HJE contends that Ashley is neither a renter, nor a "tester,"[1] who therefore has suffered no injury in fact under the statute and lacks standing to sue. Accordingly, HJE has moved to dismiss the complaint.

---

[1] "'[T]esters' are individuals who, without an intent to rent or purchase a home or apartment, pose as renters or purchasers for the purpose of collecting evidence of unlawful . . . practices." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 1121, 71 L. Ed. 2d 214 (1982).

Ashley has responded, in part, by filing a motion for leave to file an amended complaint. The amended complaint alleges that Ashley's granddaughter rented an apartment from HJE and that HJE required him to be a cosigner on the lease. Ashley contends that, because he is a cosigner on the lease, he is a renter even though he does not reside in the apartment. The proposed amended complaint also alleges that HJE is in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq*.

In reply, HJE contends that Ashley's status as a cosigner does not make him a renter and does not give him standing to sue under 42 U.S.C. § 3604(f). For that argument, HJE cites *Ricks v. Beta Dev. Co.*, 92 F.3d 1193, 1996 WL 436548 (9th Cir. July 10, 1996) (unpublished table decision); *Jenkins v. New York City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507 (S.D.N.Y. 2009); and *United States v. Rock Springs Vista Dev. Corp.*, No. CV-S-97-1825 JBR (RLH), 1999 WL 1491621 (D. Nev. July 2, 1999), *aff'd*, 8 Fed. App'x 837 (9th Cir. 2001).[2]

None of the cases cited by HJE is directly on point inasmuch as in none of the cases was the plaintiff a cosigner on a lease. In *Ricks*, the building was a condominium project, and the complaint was dismissed because the plaintiff did not allege that he was a prospective buyer. Instead, the "complaint and affidavit reflect merely a general interest in obtaining accessible housing." *Ricks*, at *2. In *Jenkins*, the plaintiff sought shelter from the New York City Department of Homeless Services on the grounds of a mental disability, and the Court dismissed the claim because Jenkins was not offering any consideration in exchange for a room in the shelter, so he was not seeking "to rent" as that term is defined in section 3602(e). *Jenkins*, 643 F.3d at 519. In *Rock Springs Vista*

---

[2] HJE has not argued that the proposed amended complaint fails to state an ADA claim but has reserved the right to file a motion to dismiss the ADA claim if leave to amend is granted.

*Dev. Corp.*, the building at issue was a condominium, and the case was dismissed because the plaintiffs failed to allege that they were prospective buyers. Instead, as in *Ricks*, the complaint "reflects merely a general interest in obtaining 'suitable housing in 1995.'" *Rock Springs Vista Dev. Corp.*, at *2.

In addition to citing these cases, HJE asserts that, as a guarantor or cosigner of the lease, Ashley was not granted a right to occupy the subject premises. That argument is unsupported by any reference to the lease contract or any case law. As the record presently stands, that statement is simply a bare assertion. Because the parties have not provided the Court with a copy of the lease, and because HJE has cited no authority for the proposition that a cosigner of the lease has no right to occupancy, the Court will not assume at this early stage that HJE's assertion is correct. While it may be true that to be a "renter" under section 3604(f) a person must be granted the right to occupy the premises, *see* 42 U.S.C. § 3602(e), HJE falls short of showing that, as a cosigner, Ashley acquired no right to occupy the premises.

Ashley's motion for leave to file an amended complaint is GRANTED. Document #13. The amended complaint must be filed within seven days from entry of this Opinion and Order. HJE's motion to dismiss is DENIED. Document #8.

IT IS SO ORDERED this 4th day of February, 2013.

_J. Leon Holmes_
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE